## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oscar D. Franquie aka Oscar DeJesus<br>Monica I. Franquie aka Monica Lawerence<br>　　　　　　Debtor(s) | CHAPTER 13 |
| AMERICAN HERITAGE CREDIT UNION<br>　　　　　Movant<br>vs. | NO. 17-13280 MDC |
| Oscar D. Franquie aka Oscar DeJesus<br>Monica I. Franquie aka Monica Lawerence<br>　　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,985.04,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2020 though July 2021 at $264.68/month |
| Suspense Balance: | ($132.40) |
| **Total Post-Petition Arrears** | **$1,985.04** |

2.　　The Debtor(s) shall cure said arrearages in the following manner;

　　　　a)　　Within seven (7) days of the filing of this Stipulation, Debtor(s) shall tender a down payment of **$400.00.**

　　　　b)　　Beginning August 30, 2021 and continuing through January 31, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$264.68** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the last day of each month, plus an installment payment of **$264.17** towards the arrearages from September 2021 through January 2022 and of **$264.19** for February 2022 on or before the last day of each month.

    c) Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Case 17-13280-mdc    Doc 76    Filed 08/24/21    Entered 08/24/21 15:25:17    Desc Main
Document      Page 3 of 3

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 30, 2021

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 8-13-2021

*[signature]*
Michael A. Cataldo Esq.
Attorney for Debtor(s)

*No objection to its terms, without prejudice to any of our rights and remedies

Date: August 23, 2021

/s/ Jack Miller, Esquire, for*
William C. Miller Esq.
Chapter 13 Trustee

Approved by the Court this 24th day of August 2021. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge